ACCEPTED
03-15-00054-CR
4677782
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/27/2015 3:25:50 PM
JEFFREY D. KYLE
CLERK

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/27/2015 3:25:50 PM
JEFFREY D. KYLE
Clerk

| | | |
|---|---|---|
| **VINCENT ALONZO CORSON,** | § | **CAUSE NO. 03-15-00054-CR** |
| **Appellant** | § | **TRIAL COURT NO. 71,403** |
| | § | |
| | § | **CAUSE NO. 03-15-00055-CR** |
| | § | **TRIAL COURT NO. 72,778** |
| **V.** | § | |
| | § | **CAUSE NO. 03-15-00056-CR** |
| | § | **TRIAL COURT NO. 72,779** |
| | § | |
| **THE STATE OF TEXAS,** | § | **CAUSE NO. 03-15-00057-CR** |
| **Appellee** | § | **TRIAL COURT NO. 72,780** |

## BRIEF OF APPELLANT

On appeal from the 426th District Court of Bell County, Texas
Hon. Fancy H. Jezek, presiding

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX 78613
Phone: 512.897.8126
Fax: 512.215.8114
Email: ecopeland63@yahoo.com

Erika Copeland
State Bar No. 16075250
Attorney for Appellant

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **Table of Contents** | *i* |
| **Index of Authorities** | *ii-v* |
| **Identity of Parties and Counsel** | 1 |
| **Statement of Facts/Background** | 3 |
| **Summary of the Argument** | 6 |
| **Professional Evaluation of the Record** | 7 |
| **Conclusion** | 25 |
| **Notice to Client** | 25 |
| **Compliance with *Kelly v. State*** | 26 |
| **Prayer** | 26 |
| **Certificate of Service and of Compliance with Rule 9 and *Kelly v. State*** | 27 |

# INDEX OF AUTHORITIES

**Authorities**                                                    **Page**

## United States Supreme Court cases

*Anders v. California*                                              **7,24**
   386 U.S. 738 (1967)

*McCoy v. Court of Appeals*                                        **25**
   486 U.S. 429 n. 10, 108 S.C. 1895, 100 L.Ed.2d 4440 (1988)

*Padilla v. Kennedy*                                               **8**
   130 S. Ct. 1477 (U.S. 2010)

*Strickland v. Washington*                                         **17,18**
   466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674

## Texas Court of Criminal Appeals cases

*Bradley v. State*                                                 **11**
   608 S.W.2d 652 (Tex. Crim. App. 1980)

*Dansby v. State*
   398 S.W. 3d 233 (Tex. Crim. App. 2013)                          **8**

*DeVary v. State*                                                  **16**
   615 S.W.2d 739 (Tex. Crim. App. 1981)

*Ganious v. State*                                                 **7**
   436 S.W.2d 137 (Tex. Crim. App. 1969)

*Hernandez v. State*                                               **12**
   613 S.W.2d 287 (Tex. Crim. App. 1981)

*Hernandez v. State*                                               **18**
   988 S.W.2d 770 (Tex. Crim. App. 1999)

**Texas Court of Criminal Appeals cases, continued**

*Jackson v. State*                                                                                        **15,16**
    590 S.W.2d 514 (Tex. Crim. App. 1979)

*Jackson v. State*                                                                                        **18**
    877 S.W.2d 768 (Tex. Crim. App. 1994)

*Jackson v. State*                                                                                        **18**
    973 S.W.2d 954 (Tex. Crim. App. 1998)

*Jackson v. State*                                                                                        **24**
    680 S.W.2d 809 (Tex. Crim. App. 1984)

*Kelly v. State*                                                                                          **24**
    436 S.W.3d 313 (Tex. Crim. App. 2014)

*McWherter v. State*                                                                                      **15**
    571 S.W.2d 312 (Tex. Crim. App. 1978)

*Menefee v. State*                                                                                        **21**
    287 S.W.3d 9 (Tex. Crim. App. 2009)

*Mitchell v. State*                                                                                       **11**
    608 S.W.2d 226 (Tex. Crim. App. 1980)

*Nunez v. State*                                                                                          **24**
    565 S.W.2d 536 (Tex. Crim. App. 1978)

*Rickles v. State*                                                                                        **19**
    202 S.W.3d 759 (Tex. Crim. App. 2006)

*Speth v. State*                                                                                          **12**
    6 S.W.3d 530 (Tex. Crim. App. 1999)

# INDEX OF AUTHORITIES, continued

**Authorities**                                                      **Page**

## Texas Court of Criminal Appeals cases, continued

*Stafford v. State*                                                   **24,25**
    813 S.W.2d 503 (Tex. Crim. App. 1991)

*Williams, Ex parte*                                                  **21**
    703 S.W.2d 674 (Tex. Crim. App. 1986)

## Texas Courts of Appeal cases

*Antwine v. State*                                                    **19**
    268 S.W.3d 634 (Tex. App. - Eastland 2008, *pet. ref'd*)

*Bradfield v. State*                                                  **24**
    42 S.W.3d 350 (Tex. App. – Texarkana 2001, *pet. ref'd*)

*Burruss v. State*                                                    **18**
    20 S.W.3d 179 (Tex. App. – Texarkana 2000, *pet. ref'd*)

*Coronado v. State*                                                   **24**
    996 S.W.2d 283 (Tex. App. – Waco 2000, *pet. ref'd*)

*Fisher v. State*                                                     **15**
    397 S.W.3d 740 (Tex. App. – Houston [14th Dist.] 2013, *pet. ref'd)*

*Guiterrez v. State*                                                  **12**
    354 S.W.3d 1 (Tex. App. – Texarkana 2011,
    *pet. granted on other grounds*)

*Kanouse v. State*                                                    **24**
    958 S.W.2d 509 (Tex. App. – Beaumont 1996, *no pet.*)

*iv*

# INDEX OF AUTHORITIES, continued

**Authorities**                                                          **Page**

### Texas Court of Appeals cases, continued

*Keller v. State*                                                        **20,21**
    125 S.W.3d 600 (Tex. App. – Houston [1ˢᵗ Dist.] 2003),
    *pet. dism'd, improvidently granted*, 146 S.W.3d 677
    (Tex. Crim. App. 2004)

*Lawal v. State*                                                         **16**
    368 S.W.3d 876 (Tex. App. – Houston [14ᵗʰ Dist.] 2012, *no pet.)*

*Staggs v. State*                                                        **20,21**
    314 S.W.3d 155 (Tex. App. – Houston [1ˢᵗ Dist.] 2010, *no pet*.)

*Thompson v. State*                                                      **16**
    852 S.W.2d 268 (Tex. App. – Dallas 1993, *no pet.)*

### Statutes

**TEX. CODE CRIM. PROC. art. 21.02 (West 2014)**                         **9,10**

**TEX. CODE CRIM. PROC. art.26.13 (West 2014)**                          **8,13**

**TEX. CODE CRIM. PROC. art. 1.15 (West 2014)**                          **20,21,22**

**TEX. CODE CRIM. PROC. art. 46B.021 (West 2014)**                       **22**

**TEX. CODE CRIM. PROC. art. 42.12 §11(a) (West 2014)**                  **12**

**TEX. PENAL CODE §§ 8.01(a), 22.041 (1)(b), 22.02, 22.04**              **9,10,15**
    **and 30.02 (West 2014)**

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN TEXAS

| VINCENT ALONZO CORSON, | § | CAUSE NO. 03-15-00054-CR |
|---|---|---|
| Appellant | § | TRIAL COURT NO. 71,403 |
| | § | |
| | § | CAUSE NO. 03-15-00055-CR |
| | § | TRIAL COURT NO. 72,778 |
| V. | § | |
| | § | CAUSE NO. 03-15-00056-CR |
| | § | TRIAL COURT NO. 72,779 |
| | § | |
| THE STATE OF TEXAS, | § | CAUSE NO. 03-15-00057-CR |
| Appellee | § | TRIAL COURT NO. 72,780 |

## BRIEF OF
## APPELLANT

TO THE HONORABLE COURT OF APPEALS:

## IDENTITY OF PARTIES AND COUNSEL

**COMES NOW** Vincent Alonzo Corson, appellant, who would show the

Court that interested parties herein are as follows:

**VINCENT ALONZO CORSON**, appellant, TDCJ No. 01973705,  Gurney

Cause 03-15-00054-CR, 03-15-00055-CR, 03-15-00056-CR, 03-15-00057-CR
*Victor Alonzo Corzon v. The State of Texas*
Brief of Appellant

Transfer Facility, 1385 FM 3328, Palestine, Texas 75803.

**STEPHEN N. LEE**, trial attorney for appellant, 800 N. Main St., Copperas Cove, Texas 76522.

**ERIKA COPELAND**, appellate attorney for appellant, P.O. Box 399, Cedar Park, Texas 78613.

**SHELLY D. STRIMPLE** and **BOB ODOM**, Assistant Bell County District Attorneys, trial and appellate attorneys, respectively, for appellee, the State of Texas, P.O. Box 540, Belton, Texas 76513.

2

Cause 03-15-00054-CR, 03-15-00055-CR, 03-15-00056-CR, 03-15-00057-CR
*Victor Alonzo Corzon v. The State of Texas*
Brief of Appellant

# STATEMENT OF FACTS/BACKGROUND

*Child Endangerment Offense*

On October 21, 2013, Vincent Alonzo Carson entered an open plea of guilty to the state jail felony offense of child endangerment/abandonment with intent to return in trial court cause number 71,403 (CA No. 03-15-00054-CR). After hearing punishment evidence, the trial court deferred a finding of guilt in the case and instead assessed a 2-year period of community supervision. (R.R.2, p. 23). On November 22, 2013, the state moved to adjudicate Corson's guilt, but pursuant to a plea agreement, the trial court instead amended the terms of his community supervision and continued his probation. (R.R. 3, pp. 10-12). Finally, on January 9, 2014, the state again moved to adjudicate Corson's community supervision for violation of certain terms and conditions of that supervision. Corson was alleged to have committed three new offenses as described below--being the additional offenses the subject of this brief. (C.R. 1, pp. 78-79). On August 26, 2014, Corson appeared before the trial court – this time for a consolidated plea hearing on the state's motion to adjudicate his state jail community supervision in his child endangerment offense as well as for pleas to the three new offenses the subject of this brief. Corson entered an open plea of true to the state's adjudication

Cause 03-15-00054-CR, 03-15-00055-CR, 03-15-00056-CR, 03-15-00057-CR
*Victor Alonzo Corzon v. The State of Texas*
Brief of Appellant

motion. (R.R. 4, p.15). The trial court found the allegations in the state's motion to adjudicate true and adjudicated Corson's guilt in that cause (71,403).

*New Offenses*

When Corson appeared before the trial court on August 26, 2014, in addition to hearing the state's motion to adjudicate his guilt in his child endangerment charge, the trial court also consolidated plea hearings for the three new offenses alleged as the basis for adjudication of his community supervision in the first place, to-wit: trial cause no. 72,778–aggravated assault (CA no. 03-15-00055-CR); trial cause no. 72,779–aggravated kidnapping (CA no. 03-15-00056-CR), and trial cause no. 72,780–burglary of a habitation (CA no. 03-15-00057-CR). (R.R. 4, p. 7). Corson, as noted, not only entered an open plea of "true" to the adjudication motion allegations, he also entered an open plea of "guilty" to each of the three new offenses. (R.R. 4, pp. 16-17). The trial court found Corson guilty in all three new offenses: cause number 72,778, (aggravated assault with a deadly weapon), cause number 72,779, (aggravated kidnapping) and cause number 72,780 (burglary of a habitation with intent to commit another felony). (R.R. 6, pp. 77-80).

*Motion to Withdraw Pleas*

On December 17, 2014, Corson and his attorney appeared before the trial

court on Corson's motion to withdraw his pleas he had entered on August 26, 2014, on the four cases here under review. (R.R. 5, pp. 5-6). After hearing argument of counsel, the trial court denied the motion. (R.R. 5, p. 12).

*Punishment Hearing*

After the trial court denied Corson's motion to withdraw his pleas, the trial court heard punishment evidence on all four cases from Janeka Wiggins, Corson's ex-wife. Wiggins essentially described her relationship with appellant before and after a car accident that left him with a head injury which, she believed, impacted his personality. (R.R. 6, pp. 31-32). She also described the incident after their separation where Corson appeared uninvited at her apartment where he shot her five times and kidnapped their child, actions that gave rise to the three new offenses the subject of his adjudication motion and also of this brief. (R.R. 6, pp. 21-25).

Corson testified that he had served in the military and that he was deployed twice into combat zones. As a result, he said, he suffered from post-traumatic stress disorder. Additionally, he suffered head injuries from a suicide attempt via a car wreck. (R.R. 6, p. 38). With regard to the incident where he shot his ex-wife, and which resulted in the three new felony charges, he testified that he did not go

Cause 03-15-00054-CR, 03-15-00055-CR, 03-15-00056-CR, 03-15-00057-CR
*Victor Alonzo Corzon v. The State of Texas*
Brief of Appellant

to her apartment to shoot her; "something in [him] just clicked, and it just happened." (R.R. 6, pp. 43-44). He was sorry he had shot her and could not really explain his actions that day. (R.R. 6, p. 45)

*Punishments Assessed*

Having found Corson guilty in all three new offenses: cause number 72,778, (aggravated assault with a deadly weapon), cause number 72,779, (aggravated kidnapping) and cause number 72,780 (burglary of a habitation with intent to commit another felony), (R.R. 6, pp. 77-80), and, having adjudicated his guilt in the child endangerment offense earlier, cause number 71,403, the trial court assessed a 2-year sentence for the state jail offense, a 20-year sentence in the aggravated assault case and two 40-year sentences in the aggravated kidnapping and burglary of a habitation cases—all to be served concurrently in the Institutional Division of the Texas Department of Criminal Justice. In all three of the new offenses, the court made affirmative findings that a deadly weapon had been used or exhibited. (R.R. 6, pp. 77-81).

## SUMMARY OF THE ARGUMENT

Appellate counsel concludes that the records examined contain no reversible error or arguable grounds for appeal in any of the referenced causes the subject of

6

this brief.

## PROFESSIONAL EVALUATION OF THE RECORD

Counsel has reviewed the appellate records in these cases, which consist of the various documents in the respective Clerk's Records and the transcript of Corson's consolidated adjudication and plea hearings. As a matter of her professional judgment, Counsel reluctantly concludes that the record contains no reversible error. Neither are there any jurisdictional defects apparent in the records examined. In such a case, where Counsel concludes that there are no arguable grounds for reversal, she is required to present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced for appeal. *See **Anders v. California***, 386 U.S. 738 (1967); ***Ganious v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). That evaluation follows.

*Arguable Points of Error*

The Thirteenth Court of Appeals at San Antonio has provided an instructive list for consideration when complying with ***Anders***. Accordingly, Counsel in this case has reviewed Mr. Corson's records for error centering on the following areas:

1. Whether his original indictments in all four cases were sufficient charging instruments.

7

2. Whether there were any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to quash or the like.

3. Whether there was compliance with **Texas Code of Criminal Procedure 26.13** and, if appropriate, *Padilla v. Kennedy*, 130 S. Ct. 1477 (U.S. 2010) in all cases.

4. Whether the issue of Corson's competency was raised prior to sentencing, so as to warrant an inquiry by the court, and whether appellant was mentally competent when the court accepted his pleas (in both the original case which resulted in the adjudication motion as well as the latter filed three cases).

5. Whether Corson's pleas were at all times freely and voluntarily made.

6. Whether there were any adverse rulings during the punishment hearing on objections or motions.

7. Whether there was any failure on the part of appellant's trial counsel to object to fundamental error.

8. Whether the sentences imposed in all four cases were within the applicable ranges of punishment.

9. Whether the written judgments for each case accurately reflect the sentences that were imposed and whether all credits were properly applied.

10. Whether there is evidence to support his guilty pleas in the felony cases (and, to support his plea of "true" in his adjudication motion) including an examination of the respective records with regard to the recently enunciated exception to the general rule that the state must only prove one violation of a

community supervision condition to sustain a revocation order, as carved out by the Texas Court of Criminal Appeals in ***Dansby v. State***, 398 S.W.3d 233, 241-243 (Tex. Crim. App. 2013).

11.     Whether Corson was denied effective assistance of counsel.

Additionally, because one of these cases also involves an adjudication proceeding, Counsel has examined that area of jurisprudence for potential violations of due process with regard to imposition of terms and conditions of community supervision including whether those terms and conditions were reasonably imposed. In that same regard, Counsel also reviewed the amendments to the terms and conditions of Mr. Corson's original community supervision after the initial imposition of same as well as the adequacy of the state's notice of violations of the terms and conditions of his community supervision which resulted in the instant adjudication of his guilty plea.

*Prior Proceedings*

*Indictments – all cases*

Corson's original indictments for the felony offenses of 1) child endangerment, 2) aggravated assault, 3) aggravated kidnapping and 4) burglary of a habitation tracked the then applicable statutory provisions of **TEXAS PENAL**

**CODE sections 22.041, 22.02, 22.04 and 30.02**, respectively. The indictments met the "requisites of an Indictment" provided in the **Code of Criminal Procedure's art. 21.02**, and thus constituted proper charging instruments. *See* **TEX. PENAL CODE §§22.041 (1)(b), 22.02, 22.04 and 30.02 (West 2014)**; **TEX. CODE CRIM. PROC. art. 21.02 (West 2014)**.

*Prior Proceedings – State Jail Felony (T.C. No. 71,403) (Community Supervision)*

*Original Compliance with Texas Code of Criminal Procedure 26.13*

On October 21, 2013, Corson appeared with his trial attorney before the trial court. He entered an open plea of guilty to the trial court to the charged offense of child endangerment by abandonment with intent to return in open court. After properly admonishing Corson and securing his oral waiver of jury trial, the trial court accepted his plea and written plea admonitions which included a waiver of jury trial and stipulation of evidence. In his "Guilty Plea Memorandum," Corson judicially confessed to the alleged offense. (C.R. 1, pp. 23-26). The plea documents were signed by Corson and/or his attorney and appear proper in all regards.

*Adjudication Motion*

Despite his plea in cause number 71,403, a finding of guilt was deferred, and

Corson was initially placed on two years' community supervision. (C.R. 1, p. 29). A subsequent amended adjudication motion filed July 25, 2014, and the subject of his subsequent consolidated punishment hearing, alleged that Corson had violated the terms and conditions of his community supervision by committing the three other offenses the subject of this appeal. (C.R. 1, pp. 78-79).

*Motion to Adjudicate – Notice*

A motion to adjudicate need not meet the particulars of an indictment, information, or complaint. ***Mitchell v. State***, 608 S.W.2d 226 (Tex. Crim. App. 1980). The allegations in such motion need only be sufficient to apprise probationer of the violations alleged to have occurred. In the instant case, it appears that the allegations in Corson's motion to adjudicate were sufficiently specific to apprise him of the violations alleged such that he may not, for the first time on appeal, claim that they were vague or did not otherwise provide fair notice. *See* (C.R. 1, pp. 78-79) and ***Bradley v. State***, 608 S.W.2d 652 (Tex. Crim. App. 1980). Moreover, Corson made no such complaint at his subsequent adjudication hearing, and, in fact, he acknowledged to the trial court that he had received adequate notice of the contents of the motion and that he understood the allegations made against him. (R.R. 4, p. 10).

11

*Reasonableness of Terms and Conditions of Community Supervision*

A trial court has broad discretion in imposing conditions of community supervision. The conditions must be reasonable and must be designated to "protect or restore the community, protect or restore the victim, or punish, rehabilitate or reform the defendant." *See* **TEX. CODE CRIM. PROC. Art. 42.12 §11(a) (West 2013)**; and, *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). Counsel's review of the terms and conditions of community supervision imposed upon Corson does not show that any term or condition relied upon to justify adjudication of Corson's guilt appears unreasonable on its face. Moreover, Corson made no complaint of any condition when they were first imposed and complaint may not be made for the first time on appeal. *Guiterrez v. State*, 354 S.W.3d 1 (Tex. App. – Texarkana 2011, *pet. granted on other grounds*). Thus, that Corson never complained of any condition or any other particular term of his community supervision operated as a waiver of his right to complain after his subsequent adjudication. *Hernandez v. State*, 613 S.W.2d 287 (Tex. Crim. App. 1981) (*op. on reh'g*).

*Adverse Pre-Hearing Rulings*

There was only one adverse pre-adjudication or plea hearing ruling, and it is

12

described below for "all cases."

*Evidentiary Rulings/Fundamental Error*

There were no adverse rulings during the adjudication, plea or punishment hearings, and no failure on the part of Corson's trial counsel to object to fundamental error.

*Plea of "True"*

At his adjudication hearing, consolidated with the plea hearing on his three new felony offenses, Corson entered a plea of "true" to the allegations of the state's amended motion to adjudicate – only after he had been properly admonished by the trial court. There is no suggestion from the record that Corson's plea of "true" was anything but freely and voluntarily made. He was specifically advised by the trial court that he was not required to testify. (R.R. 4, p. 8).

*Prior Proceedings – all other cases*

*Original Compliance with **Texas Code of Criminal Procedure 26.13***

On August 26, 2014, Corson appeared with his trial attorney before the trial court in a hearing which consolidated his above-described adjudication hearing with plea hearings on his three new offenses also the subject of this brief. He

13

entered

an open plea of guilty to the trial court to each of the new offenses in open court. (R.R. 4, pp. 15-16). He was properly admonished, and the trial court secured his waivers of jury trial both orally and in writing in all three cases. (R.R. 4, pp. 8-9) (and, *see* in each case C.R. 1, pp. 84, 24, 22, and 22, respectively. The plea documents in each case included stipulations of evidence which were signed by Corson and/or his attorney and appear proper in all regards. (*See* C.R. 1, each case, pp. 84, 24, 22 and 22, respectively).

*Adverse Pre-Hearing ruling – all cases*

On December 17, 2014, hearing was had on Corson's motion to withdraw his prior plea of "true" to his adjudication motion and of "guilty" to his other three felony cases.

*Evidence for Withdrawing Pleas—all cases*

Evidence adduced at Corson's hearing to withdraw his pleas consists of medical records concerning a traumatic brain injury Corson suffered in a car wreck that was characterized by his ex-wife as a "suicide" attempt on his part. (*See* R.R. 6, p. 32). However, while the records, which were offered by Corson without objection by the state, appear to support Corson's contention that he suffered from

14

a brain injury from a car wreck and possibly from post-traumatic stress from overseas deployment with the military, the records do not rise to a level that would suggest that Corson was not competent to offer the pleas nor that, as a result of severe mental disease or defect, he did not know that his conduct was wrong when he committed the alleged offenses. *See* **TEX. PENAL CODE §8.01(a) (West 2014)** and *Fisher v. State*, 397 S.W.3d 740 (Tex. App. – Houston [14th Dist.] 2013, *pet. ref'd)*.

*Trial Court's Findings on Motion to Withdraw Pleas and Analysis*

After hearing argument of trial counsel and reviewing medical records adduced at the hearing, the trial court denied Corson's motion and moved to the punishment hearing in each case. (R.R. 5, p. 12).

A trial court's ruling on whether to allow the withdrawal of a plea is subject to the discretion of the trial court, and a liberal practice prevails in Texas regarding that ruling. *McWherter v. State*, 571 S.W.2d 312, 313 (Tex. Crim. App. 1978). A defendant may withdraw his guilty plea as a matter of right, without assigning reason, until judgment has been pronounced or the case has been taken under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). However, if a defendant requests permission to withdraw a guilty plea after the

15

trial judge has taken the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *Jackson*, 590 S.W. 2d at 515; *McWherter*, 571 S.W.2d a5 313 n. 2.

Here, the trial court had already admonished Corson, accepted his guilty pleas, and passed the cases for a future sentencing hearing. It is well settled that a court takes a case under advisement when it accepts a properly admonished guilty plea and passes the case for pre-sentence investigation and punishment. *See DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981) (finding appellant's decision to withdraw plea was too late because trial court had taken case under advisement when it had accepted appellant's guilty plea and admonished him at hearing two months earlier); *Jackson*, 590 S.W.2d at 514-15 (holding case had been taken under advisement, and defendant could not withdraw guilty plea as matter of right, where court had accepted guilty plea and passed the case for pre-sentence investigation); *Lawal v. State*, 368 S.W.3d 876, 882 (Tex. App. – Houston [14th Dist.] 2012, *no pet.*) (concluding that defendant could not withdraw guilty plea as matter of right because trial court had taken case under advisement when it had accepted defendant's guilty plea and reset case for hearing on PSI report); *Thompson v. State*, 852 S.W.2d 268, 270 (Tex. App. – Dallas 1993, *no*

*pet.*) (holding defendant could not withdraw guilty plea as matter of right where "only issue remaining to be decided was the appropriate punishment"). Here, Corson's case was already under advisement, and he was not entitled to withdraw his guilty plea as a matter of law. *See*, **Jackson**, 590 S.W.2d at 514. Moreover, there was no evidence adduced at the hearing to withdraw the pleas that would suggest that Corson's pleas were anything other than freely and voluntarily made. Neither was there any evidence that Corson was incompetent to enter the pleas nor that there was any other impediment to the giving of such pleas. In fact, the trial court also had in its records a report from a court-appointed expert, Dr. Pugliese, that indicated Corson's mental condition did not meet the standards for incompetency or an insanity defense. *See* Supp. C.R. 1, in all cases). Thus, the trial court's decision in refusing to grant Corson's motion to withdraw his pleas seems supported by the record, and there was no abuse of discretion shown.

*Trial Error/Ineffective Assistance of Counsel – all cases*

Appellate counsel found no evidence in the records examined which would support a claim of ineffectiveness of trial counsel.

**Strickland v. Washington***,* decided by the United States Supreme Court in 1984 established the standard by which to gauge the adequacy of representation of counsel and articulated a two-step analysis:

17

1.  Did the attorney's performance fail to constitute "reasonably effective assistance," *i.e.*, did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms?

2.  If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings could have been different?

> – *see* ***Strickland***, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L.Ed.2d 674, 690.

(The test in ***Strickland*** is properly applied to the punishment phase of a non-capital case as well. *See* ***Hernandez v. State***, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999)).

In considering a claim of ineffective assistance of counsel, a reviewing court begins with a strong presumption that counsel was effective. ***Jackson v. State***, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). A reviewing court presumes counsel's actions were motivated by sound trial strategy. ***Id***. A complainant has the burden of rebutting that presumption by evidence *from the record* affirmatively supporting the claim. *See* ***Jackson v. State***, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998). However, even if a complainant can prove such error occurred, he must then prove hat *but for* the error, there is a reasonable probability the outcome of the

proceeding would have been different. *See **Burruss v. State***, 20 S.W.3d 179, 186 (Tex. App. – Texarkana 2000, *pet. ref'd*).

Here, evidence adduced at Corson's adjudication and sentencing hearings included his admission to the allegations in the state's motion to adjudicate and to those in his indictments. Testimony from the victim indicated that Corson shot his victim 5 times while she held her baby. After shooting the victim, Corson took another child with him while the victim sought help on her own. In light of that testimony, even if examination of his adjudication hearing or sentencing hearings revealed instances where his trial counsel possibly committed an error of some kind in his representation (which the record does not support), it is highly unlikely that *but for* such error, there was a reasonable probability that the outcomes of Corson's adjudication or sentencing hearings would have been different.

*Sufficiency of Evidence of Violations of Community Supervision and of Guilt – all cases*

A trial court's order adjudicating community supervision is reviewed under an abuse of discretion standard. ***Rickles v. State***, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); ***Antwine v. State***, 268 S.W.3d 634, 636 (Tex. App. - Eastland 2008, *pet. ref'd*). In an adjudication hearing, the state must prove by a preponderance of

the evidence that a defendant violated the terms of his community supervision. *Rickles*, 202 S.W.3d at 763-4; *Antwine*, 268 S.W.3d at 636. Proof of any one of the alleged violations of the conditions of community supervision is sufficient to support an adjudication order. *Id*. at 636.

Here, Corson admitted that he had committed the new offenses as alleged. Evidence sufficient to support even one allegation of the state's motion, as noted, justifies the adjudication of his community supervision, a finding of guilt on his original plea, and the imposition of his resulting punishment. Thus, the trial court did not abuse its discretion in moving to adjudicate Corson's guilt and imposing subsequent punishment at the subsequent punishment hearing. Neither was there insufficient evidence of guilt in his remaining cases in light of his guilty pleas in those cases.

When he pleads guilty, a criminal defendant waives his right to challenge the sufficiency of the evidence. *Keller v. State*, 125 S.W.3d 600, 605 (Tex. App. – Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam); *see also Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App. – Houston [1st Dist.] 2010, no pet.). In such cases, review is limited to determining whether the evidence supports the conviction under **article**

**1.15** of the **Texas Code of Criminal Procedure**. *See,* **TEX. CODE CRIM. PROC. art. 1.15 (West 2014)** (stating that State must "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."); *Keller*, 125 S.W.3d at 605 (citing **TEX. CODE CRIM. PROC. art. 1.15 (West 2005)**).

State must offer sufficient proof to support any judgment based on a guilty plea in a felony case tried before a court. *Keller*, 125 S.W.3d at 604 (citation omitted); *see also **Ex parte Williams***, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). "The State, however, is not required to prove the defendant's guilt beyond a reasonable doubt; the supporting evidence must simply embrace every essential element of the charged offense." *Staggs*, 314 S.W.3d at 159.

**Article 1.15 of the Texas Code of Criminal Procedure** requires the State to "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." **TEX. CODE CRIM. PROC. art. 1.15**; *see **Menefee v. State***, 287 S.W.3d 9, 13-14 (Tex. Crim. App. 2009). The evidence supporting a

21

guilty plea may take several forms. *Menefee*, 287 S.W.3d at 13. **Article 1.15** provides that the evidence may be stipulated if the defendant in such a case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. *See*, **TEX. CODE CRIM. PROC. art. 1.15 (West 2014)**. Here, there is sufficient supporting evidence to uphold Corson's pleas of guilty. In each case, his plea documents include a judicial confession and stipulation of evidence.

*Competency – all cases*

Because an issue of competency was raised prior to sentencing in these cases, Counsel specifically reviewed Corson's records in that regard, but she concludes that 1) there is no evidence to suggest that Corson was mentally incompetent to stand trial and 2) Corson presented no evidence suggestive of the defense of insanity.

Here, the trial court did consider Corson's suggestion of incompetency. *See*, R.R. 1, pp. 70 (71,403), 16 (72,778), 14 (72,779) and 14 (72,780). As a result,  the

22

trial court ordered his examination for competency by a disinterested third party, Dr. Frank Pugliese, pursuant to **article 46B.021** of the **Texas Code of Criminal Procedure**. *See* **TEX. CODE CRIM. PROC. art. 46B.021 (West 2014)**. Dr. Pugliese's report to the trial court did not indicate that Corson's mental condition met the standards for incompetency or an insanity defense. (*See* Supp. C.R. 1, in all cases). Further, both Corson and his trial counsel indicated their beliefs when Corson entered his pleas that he was competent and understood the proceedings. (R.R. 4, pp. 10, 12). Moreover, in addition to the various stipulations and written admissions he entered into in each case, Corson testified at his sentencing hearing. His testimony does not appear incoherent, and he apologized for shooting his victim. (R.R. 6, p. 42). Finally, the medical records introduced during Corson's sentencing hearing do not support a suggestion of incompetency or the affirmative defense of insanity. The records do contain references to his head injury (among other injuries) and speak of his depression, but those records do not suggest, and Corson did not argue that they suggested, either incompetence to stand trial or satisfaction of the elements of the defense of insanity as defined by Texas law. (*See* R.R. 8, Defendant's Exhibit 1).

*Sufficiency – Punishment—all cases*

The trial court assessed the following sentences upon adjudication of Corson's community supervision and after hearing punishment evidence in all his cases:

For the State Jail felony offense of child endangerment – 2 years.

For Aggravated Assault with a Deadly Weapon – 20 years.

For Aggravated Kidnapping – 40 years.

For Burglary of a Habitation with Intent to Commit a Felony – 40 years.

A review of the evidence for sufficiency is inappropriate with respect to the assessment of punishment. *See*, ***Bradfield v. State***, 42 S.W.3d 350, 351 (Tex. App. – Texarkana 2001, *pet. ref'd*); ***Kanouse v. State***, 958 S.W.2d 509, 510 (Tex. App. – Beaumont 1996, *no pet.*)(*citing **Jackson v. State***, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). Here, the sentences ultimately assessed by the trial court were within the applicable punishment ranges for the subject offenses, and none of the sentences on their face appear "unreasonable" or "irrational" in light of the testimony adduced at Corson's punishment hearing. *See*, ***Nunez v. State***, 565 S.W.2d 536 (Tex. Crim. App. 1978). Thus, Corson cannot establish any error arising from the punishments assessed by the trial court in any of his four cases.

*Standard of Review – "Frivolous Appeals"—All Cases*

In an ***Anders*** case, a reviewing court must, "after a full examination of all proceedings, [...] decide whether the case is wholly frivolous." ***Anders***, 386 U.S. at 744, 87 S. Ct. at 1400; accord ***Stafford v. State***, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); ***Coronado v. State***, 996 S.W.2d 283, 285 (Tex. App. – Waco 2000, *pet. ref'd)*. An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." ***McCoy v. Court of Appeals***, 486 U.S. 429, 439 n. 10, 108 S.C. 1895, 1902, 100 L.Ed.2d 4440 (1988). Arguments are frivolous if they "cannot conceivably persuade the court." ***Id***. at 426, 108 S. Ct. at 1901. An appeal is not frivolous if based on "arguable grounds." ***Stafford***, 813 S.W.2d at 511.

## CONCLUSION

Here, appellate counsel cannot in good faith argue that there is a basis "in law or in fact" that an error occurred in the adjudication of Corson's community supervision or in the plea hearing involving his other three cases. For that reason, appellate counsel is required to move for leave to withdraw in each case to allow appellant the opportunity to submit his briefs in response to this brief should he choose to do so. *See*, ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991).

25

Accompanying this brief then in Appendix 1 through 4 are copies of appellate counsel's motions to withdraw on those grounds in each case. Originals of those motions have been separately filed with this Court.

## NOTICE TO CLIENT

Counsel hereby affirms that she has notified **Vincent Alonzo Corson,** appellant, of the filing of this brief in each of the referenced cases, of his right to file *pro se* response briefs should he choose to do so and of his right to examine his appellate records per the applicable **Texas Rules of Appellate Procedure** to accomplish that goal. Notice of those rights and of Counsel's motions to withdraw was provided to Mr. Corson by both certified mail, return receipt requested, and by first-class mail at his last known mailing address at the date of this filing, to-wit:

Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, Texas 75803

## COMPLIANCE WITH *KELLY v. STATE*

Finally, Counsel also hereby affirms that she has provided to Mr. Corson motions for access to his appellate records as required by the dictates of ***Kelly v.***

*State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) for each of the referenced cases.

(*See* copies of same in Appendix 5 through 8).

**PRAYER**

**WHEREFORE**, Counsel respectfully prays that this Court permit her to withdraw from each of these cases after this Court's own examination of the records and to afford Mr. Corson his right to file *pro se* response briefs if he wishes to do so.

**COPELAND LAW FIRM**

P.O. Box 399
Cedar Park, TX  78613
Phone:  512.897.8126
Fax:  512.215.8114
Email:  ecopeland63@yahoo.com

By: /s/ Erika Copeland
     Erika Copeland
     State Bar No. 16075250
     Attorney for Appellant

**CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9 and *KELLY v. STATE***

This is to certify that on March 26, 2015, a true and correct copy of the above and foregoing document was served on Bob Odom, Assistant District Attorney of Bell County, P.O. Box 540, Belton, Texas 76513 and on Vincent

Cause 03-15-00054-CR, 03-15-00055-CR, 03-15-00056-CR, 03-15-00057-CR
*Victor Alonzo Corzon v. The State of Texas*
Brief of Appellant

Alonzo Corson, appellant, TDCJ No. 01973705, Gurney Transfer Facility, 1385 FM 3328, Palestine, Texas 75803, in accordance with the *Texas Rules of Appellate Procedure*, and that Appellant's brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 5364 words. Further, Counsel certifies that she has complied with the dictates of **Kelly v. State** insofar as providing motions for Mr. Corson to gain access to his appellate records if he so chooses.

/s/ <u>Erika Copeland</u>
Erika Copeland

28

Cause 03-15-00054-CR, 03-15-00055-CR, 03-15-00056-CR, 03-15-00057-CR
*Victor Alonzo Corzon v. The State of Texas*
Brief of Appellant

**APPENDIX 1-8**

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN TEXAS

| | | |
|---|---|---|
| **VINCENT ALONZO CORSON,** | § | |
| Appellant | § | |
| | § | |
| | § | **CAUSE NO. 03-15-00054-CR** |
| | § | |
| **V.** | § | **TRIAL COURT NO. 71,403** |
| | § | |
| | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| Appellee | § | |

## MOTION TO WITHDRAW

## TO THE HONORABLE JUDGES OF SAID COURT:

**NOW COMES** Erika Copeland, PO Box 399, Cedar Park, Texas 78613, appellate attorney for Vincent Alonzo Corson, and respectfully moves this Honorable Court to allow said attorney to withdraw as attorney of record in this matter, terminating his representation of the above referenced appellant and for good cause would respectfully show this Honorable Court as follows:

### I.

Contemporaneous with the filing of this Motion to Withdraw, counsel has filed an ***Anders*** brief. Withdrawal of counsel is necessary to permit Mr. Corson to file a *pro se* response brief, if he so desires.

## II.

## Pending Deadlines

Appellant's brief is due April 19, 2015.

## III.

## Documents Filed and Prepared for Defendant

Counsel has prepared a docketing statement and Appellant's Brief in this cause, and has filed same with this Court. Counsel previously prepared Appellant's Notice of Appeal, Request for Reporter's Record and Designations of Clerk's Record.

## IV.

## Notice of Last Known Address of Defendant

Counsel has notified Appellant of the filing of this Motion to Withdraw and of the filing of this brief by mailing a copy of this Motion to Appellant's last known mailing address by regular, first class mail and by certified mail, return receipt requested, and addressed as follows:

Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, TX 75803

## V.

**WHEREFORE**, Movant prays this Honorable Court to allow Movant to withdraw from the representation of appellant and would, in all things, relieve

Movant herein, discharging Movant from her obligations and responsibilities to this Defendant in this matter.

Respectfully submitted,

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX  78613
Pho:  512.897.8126
Fax:  512.215.8114
Email:  tcopeland14@yahoo.com

/s/ Erika Copeland
Erika Copeland
State Bar No. 04801500
Attorney for Appellant

**CERTIFICATE OF SERVICE AND OF
COMPLIANCE WITH RULE 9**

This is to certify that on March 26 2015, a true and correct copy of the above and foregoing document was served on Bob Odom, Assistant District Attorney of Bell County, appellate attorney for appellee, the State of Texas, PO Box 540, Belton, Texas 76513 and Vincent Alonzo Corson, TDCJ No. 01973705, Gurney Transfer Facility, 1385 FM 3328, Palestine, Texas 75803, in accordance with the Texas Rules of Appellate Procedure, and that motion for withdrawal is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 445 words.

/s/ Erika Copeland
Erika Copeland

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN TEXAS

| | | |
|---|---|---|
| **VINCENT ALONZO CORSON,** | § | |
| **Appellant** | § | |
| | § | |
| | § | **CAUSE NO. 03-15-00055-CR** |
| | § | |
| **V.** | § | **TRIAL COURT NO. 72,778** |
| | § | |
| | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

## MOTION TO WITHDRAW

## TO THE HONORABLE JUDGES OF SAID COURT:

**NOW COMES** Erika Copeland, PO Box 399, Cedar Park, Texas 78613, appellate attorney for Vincent Alonzo Corson, and respectfully moves this Honorable Court to allow said attorney to withdraw as attorney of record in this matter, terminating his representation of the above referenced appellant and for good cause would respectfully show this Honorable Court as follows:

## I.

Contemporaneous with the filing of this Motion to Withdraw, counsel has filed an *Anders* brief. Withdrawal of counsel is necessary to permit Mr. Corson to file a *pro se* response brief, if he so desires.

## II.

## Pending Deadlines

Appellant's brief is due April 19, 2015.

## III.

## Documents Filed and Prepared for Defendant

Counsel has prepared a docketing statement and Appellant's Brief in this cause, and has filed same with this Court. Counsel previously prepared Appellant's Notice of Appeal, Request for Reporter's Record and Designations of Clerk's Record.

## IV.

## Notice of Last Known Address of Defendant

Counsel has notified Appellant of the filing of this Motion to Withdraw and of the filing of this brief by mailing a copy of this Motion to Appellant's last known mailing address by regular, first class mail and by certified mail, return receipt requested, and addressed as follows:

Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, TX 75803

## V.

**WHEREFORE**, Movant prays this Honorable Court to allow Movant to withdraw from the representation of appellant and would, in all things, relieve

Movant herein, discharging Movant from her obligations and responsibilities to this Defendant in this matter.

Respectfully submitted,

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX  78613
Pho:  512.897.8126
Fax:  512.215.8114
Email:  tcopeland14@yahoo.com

/s/ Erika Copeland
    Erika Copeland
    State Bar No. 04801500
    Attorney for Appellant

## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9

This is to certify that on March 26 2015, a true and correct copy of the above and foregoing document was served on Bob Odom, Assistant District Attorney of Bell County, appellate attorney for appellee, the State of Texas, PO Box  540, Belton, Texas 76513 and Vincent Alonzo Corson, TDCJ No. 01973705, Gurney Transfer Facility, 1385 FM 3328, Palestine, Texas 75803, in accordance with the Texas Rules of Appellate Procedure, and that motion for withdrawal is  in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 445 words.

/s/ Erika Copeland
    Erika Copeland

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN TEXAS

| | | |
|---|---|---|
| VINCENT ALONZO CORSON,<br>Appellant | §<br>§<br>§<br>§<br>§ | CAUSE NO. 03-15-00056-CR |
| V. | §<br>§<br>§<br>§<br>§ | TRIAL COURT NO. 72,779 |
| THE STATE OF TEXAS,<br>Appellee | §<br>§ | |

## MOTION TO WITHDRAW

### TO THE HONORABLE JUDGES OF SAID COURT:

**NOW COMES** Erika Copeland, PO Box 399, Cedar Park, Texas 78613, appellate attorney for Vincent Alonzo Corson, and respectfully moves this Honorable Court to allow said attorney to withdraw as attorney of record in this matter, terminating his representation of the above referenced appellant and for good cause would respectfully show this Honorable Court as follows:

## I.

Contemporaneous with the filing of this Motion to Withdraw, counsel has filed an *Anders* brief. Withdrawal of counsel is necessary to permit Mr. Corson to file a *pro se* response brief, if he so desires.

## II.

## Pending Deadlines

Appellant's brief is due April 19, 2015.

## III.

## Documents Filed and Prepared for Defendant

Counsel has prepared a docketing statement and Appellant's Brief in this cause, and has filed same with this Court. Counsel previously prepared Appellant's Notice of Appeal, Request for Reporter's Record and Designations of Clerk's Record.

## IV.

## Notice of Last Known Address of Defendant

Counsel has notified Appellant of the filing of this Motion to Withdraw and of the filing of this brief by mailing a copy of this Motion to Appellant's last known mailing address by regular, first class mail and by certified mail, return receipt requested, and addressed as follows:

Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, TX 75803

## V.

**WHEREFORE**, Movant prays this Honorable Court to allow Movant to withdraw from the representation of appellant and would, in all things, relieve

Movant herein, discharging Movant from her obligations and responsibilities to this Defendant in this matter.

Respectfully submitted,

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX  78613
Pho:  512.897.8126
Fax:  512.215.8114
Email:  tcopeland14@yahoo.com

/s/ Erika Copeland
    Erika Copeland
    State Bar No. 04801500
    Attorney for Appellant

**CERTIFICATE OF SERVICE AND OF
COMPLIANCE WITH RULE 9**

This is to certify that on March 26 2015, a true and correct copy of the above and foregoing document was served on Bob Odom, Assistant District Attorney of Bell County, appellate attorney for appellee, the State of Texas, PO Box  540, Belton, Texas 76513 and Vincent Alonzo Corson, TDCJ No. 01973705, Gurney Transfer Facility, 1385 FM 3328, Palestine, Texas 75803, in accordance with the Texas Rules of Appellate Procedure, and that motion for withdrawal is  in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 445 words.

/s/ Erika Copeland
    Erika Copeland

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN TEXAS

| | | |
|---|---|---|
| **VINCENT ALONZO CORSON,** | § | |
| **Appellant** | § | |
| | § | |
| | § | **CAUSE NO. 03-15-00057-CR** |
| | § | |
| **V.** | § | **TRIAL COURT NO. 72,780** |
| | § | |
| | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

## MOTION TO WITHDRAW

**TO THE HONORABLE JUDGES OF SAID COURT:**

**NOW COMES** Erika Copeland, PO Box 399, Cedar Park, Texas 78613, appellate attorney for Vincent Alonzo Corson, and respectfully moves this Honorable Court to allow said attorney to withdraw as attorney of record in this matter, terminating his representation of the above referenced appellant and for good cause would respectfully show this Honorable Court as follows:

## I.

Contemporaneous with the filing of this Motion to Withdraw, counsel has filed an *Anders* brief. Withdrawal of counsel is necessary to permit Mr. Corson to file a *pro se* response brief, if he so desires.

## II.

## Pending Deadlines

Appellant's brief is due April 19, 2015.

## III.

## Documents Filed and Prepared for Defendant

Counsel has prepared a docketing statement and Appellant's Brief in this cause, and has filed same with this Court. Counsel previously prepared Appellant's Notice of Appeal, Request for Reporter's Record and Designations of Clerk's Record.

## IV.

## Notice of Last Known Address of Defendant

Counsel has notified Appellant of the filing of this Motion to Withdraw and of the filing of this brief by mailing a copy of this Motion to Appellant's last known mailing address by regular, first class mail and by certified mail, return receipt requested, and addressed as follows:

Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, TX 75803

## V.

**WHEREFORE**, Movant prays this Honorable Court to allow Movant to withdraw from the representation of appellant and would, in all things, relieve

Movant herein, discharging Movant from her obligations and responsibilities to this Defendant in this matter.

Respectfully submitted,

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX  78613
Pho:  512.897.8126
Fax:  512.215.8114
Email:  tcopeland14@yahoo.com

/s/ Erika Copeland
    Erika Copeland
    State Bar No. 04801500
    Attorney for Appellant

## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9

This is to certify that on March 26 2015, a true and correct copy of the above and foregoing document was served on Bob Odom, Assistant District Attorney of Bell County, appellate attorney for appellee, the State of Texas, PO Box 540, Belton, Texas 76513 and Vincent Alonzo Corson, TDCJ No. 01973705, Gurney Transfer Facility, 1385 FM 3328, Palestine, Texas 75803, in accordance with the Texas Rules of Appellate Procedure, and that motion for withdrawal is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 445 words.

/s/ Erika Copeland
    Erika Copeland

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN TEXAS

VINCENT ALONZO CORSON,   §

    Appellant   §

  §

  §     **CAUSE NO. 03-15-00054-CR**

  §

V.   §     **TRIAL COURT NO. 71,403**

  §

  §

  §

THE STATE OF TEXAS,   §

    Appellee   §

## MOTION FOR ACCESS TO APPELLATE RECORD

**NOW COMES** Vincent Alonzo Corson, TDCJ No. 01973705, Gurney Transfer Facility, 1385 FM 3328, Palestine, Texas 75803 and respectfully moves this Honorable Court to grant him access to the appellate record in the above-referenced cause in order to effectuate his right to file a response to the *Anders* briefs filed herein by Appellant's appellate counsel.

Respectfully submitted,

_____

Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, Texas 75803

Date:_____

**CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9**

This is to certify that on March_____2015, a true and correct copy of the above and foregoing document was served on Shelly D. Strimple and Bob Odom, Assistant District Attorneys of Bell County, trial and appellate attorneys, respectively, for appellee, the State of Texas, PO Box 540, Belton, Texas 76513 in accordance with the Texas Rules of Appellate Procedure, and that motion is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 232 words.

_____

Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, Texas 75803

Date:_____

## IN THE THIRD COURT OF APPEALS
## AT AUSTIN TEXAS

| | | |
|---|---|---|
| **VINCENT ALONZO CORSON,** | § | |
| **Appellant** | § | |
| | § | |
| | § | **CAUSE NO. 03-15-00055-CR** |
| | § | |
| **V.** | § | **TRIAL COURT NO. 72,778** |
| | § | |
| | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

## MOTION FOR ACCESS TO APPELLATE RECORD

**NOW COMES** Vincent Alonzo Corson, TDCJ No. 01973705, Gurney Transfer Facility, 1385 FM 3328, Palestine, Texas 75803 and respectfully moves this Honorable Court to grant him access to the appellate record in the above-referenced cause in order to effectuate his right to file a response to the *Anders* briefs filed herein by Appellant's appellate counsel.

Respectfully submitted,

_____
Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, Texas 75803

Date:_____

## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9

This is to certify that on March      2015, a true and correct copy of the above and foregoing document was served on Shelly D. Strimple and Bob Odom, Assistant District Attorneys of Bell County, trial and appellate attorneys, respectively, for appellee, the State of Texas, PO Box 540, Belton, Texas 76513 in accordance with the Texas Rules of Appellate Procedure, and that motion is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 232 words.

 

 

 

_____

Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, Texas 75803

Date:_____

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN TEXAS

VINCENT ALONZO CORSON,  §
        Appellant  §
          §
          §  **CAUSE NO. 03-15-00056-CR**
          §
V.  §  **TRIAL COURT NO. 72,779**
          §
          §
          §
THE STATE OF TEXAS,  §
        Appellee  §

## MOTION FOR ACCESS TO APPELLATE RECORD

**NOW COMES** Vincent Alonzo Corson, TDCJ No. 01973705, Gurney Transfer Facility, 1385 FM 3328, Palestine, Texas 75803 and respectfully moves this Honorable Court to grant him access to the appellate record in the above-referenced cause in order to effectuate his right to file a response to the *Anders* briefs filed herein by Appellant's appellate counsel.

Respectfully submitted,

_____
Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, Texas 75803

Date:_____

## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9

This is to certify that on March              2015, a true and correct copy of the above and foregoing document was served on Shelly D. Strimple  and Bob Odom, Assistant District Attorneys of Bell County, trial and  appellate attorneys, respectively, for appellee, the State of Texas, PO Box 540, Belton, Texas 76513 in accordance with the Texas Rules of Appellate Procedure, and that motion is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 232 words.

_____

Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, Texas 75803

Date:_____

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN TEXAS

| | | |
|---|---|---|
| **VINCENT ALONZO CORSON,**<br>**Appellant** | § | |
| | § | |
| | § | |
| | § | **CAUSE NO. 03-15-00057-CR** |
| | § | |
| **V.** | § | **TRIAL COURT NO. 72,780** |
| | § | |
| | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

## MOTION FOR ACCESS TO APPELLATE RECORD

**NOW COMES** Vincent Alonzo Corson, TDCJ No. 01973705, Gurney Transfer Facility, 1385 FM 3328, Palestine, Texas 75803 and respectfully moves this Honorable Court to grant him access to the appellate record in the above-referenced cause in order to effectuate his right to file a response to the *Anders* briefs filed herein by Appellant's appellate counsel.

Respectfully submitted,

_____

Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, Texas 75803

Date:_____

## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9

This is to certify that on March              2015, a true and correct copy of the above and foregoing document was served on Shelly Bob Odom, Assistant District Attorney of Bell County, appellate attorneys for appellee, the State of Texas, PO Box 540, Belton, Texas 76513 in accordance with the Texas Rules of Appellate Procedure, and that motion is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 232 words.

Vincent Alonzo Corson
TDCJ No. 01973705
Gurney Transfer Facility
1385 FM 3328
Palestine, Texas 75803

Date: