Adolfo Ochoa **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 66297.

Court of Criminal Appeals of Texas, Panel No. One.

Dec. 17, 1980.

On Rehearing March 25, 1981.

Jose Montes, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and R. Bradford Stiles, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On July 6, 1979, the appellant entered a guilty plea to an indictment charging felony theft, and his punishment was assessed by the court at five (5) years' imprisonment. The imposition of the sentence, however, was suspended and the appellant was placed on probation subject to certain conditions including

"Commit no offense against the laws of this State or any other State or the United States." and "Upon exiting the U.S.A. you will remain within the Republic of Mexico." and "You will not re-enter the U.S.A. legally or illegally without the prior written permission of this court."

On August 29, 1979, the State filed a motion to revoke probation alleging that the appellant had committed the offense of burglary of a motor vehicle on or about August 8, 1979, and failed to remain in the Republic of Mexico and had re-entered the United States without written permission of the trial court.

On September 21, 1979, the court conducted a hearing on said motion at the conclusion of which the court revoked probation. Sentence was imposed and notice of appeal was given.

On October 5, 1979, the court vacated the order revoking probation and sentence and released the appellant upon the same conditions of probation. On November 8, 1979, the State filed a second motion to revoke probation alleging that on or about August 8, 1979, the appellant committed the offense of burglary of a motor vehicle and "Further, on or about the 18th day of October, 1979, the said defendant failed to remain within the Republic of Mexico and did then and there enter into the United States without the prior written permission of the court."

On November 21, 1979, a hearing was conducted upon such motion at the conclusion of which the court revoked probation. Sentence was imposed and notice of appeal given.

On appeal appellant contends the requirement to remain in the Republic of Mexico and the requirement that he obtain written permission of the trial court to re-enter the United States were invalid conditions of probation since the first requirement constitutes banishment and deportation outside the jurisdiction of the trial court, and the second condition constitutes regulation of immigration law and policy outside the jurisdiction of the trial court.[1]

Jose L. Gonzales, probation officer, was with Vincent Brown, another probation officer, when they saw the appellant in El Paso in the 300 block of South El Paso Street on October 18, 1979. Appellant was arrested as the officer believed the appellant to be in violation of his probationary conditions.

Robert E. Lally, a supervisory deportation officer for the Immigration Service,

---

1. Although the order revoking probation states that "the Defendant violated the terms of such probation in the respect set out in Motion to Revoke Adult Probation," we observe that no evidence was offered by the State as to the alleged penal offense. Revocation could not have been based thereupon.

testified the records of such agency reflect that "Adolfo Hernandez Ochoa" was picked up from the county jail on October 10, 1979, and that on October 12, 1979 he was granted a voluntary return to Mexico and according to the records Ochoa was returned to Mexico. He did not relate any personal knowledge, but testified from the records.

Even though the burden of proof in revocation cases is by a preponderance of the evidence, we cannot conclude that the State sustained its burden. The evidence is insufficient to justify revocation. Cf. *Aldana v. State*, 523 S.W.2d 951 (Tex.Cr.App.1975).

The judgment is reversed and the cause remanded.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING[1]

ODOM, Judge.

This is an appeal from an order revoking probation. Appellant was convicted of felony theft and placed on probation for five years. The court imposed only three conditions of probation: (1) commit no offense against the laws of this state or any other state, or of the United States, (2) upon exiting the United States, remain within the Republic of Mexico, and (3) do not re-enter the United States, legally or illegally, without the prior written permission of the court.

After a hearing on a motion to revoke appellant's probation, the court found appellant had violated the second and third conditions of probation stated above, and revoked his probation.

On original submission we held the evidence was insufficient to support the order of revocation. On rehearing the State points out that the evidence was sufficient to prove the alleged violations.[1] We therefore will address the contentions raised in appellant's brief.

Appellant argues the conditions of probation requiring that he remain in Mexico and that he not enter the United States, legally or illegally, without prior written permission of the court, are void because they are in conflict with federal law. He specifically argues, "This area is regulated by federal immigration laws which direct and control the action of the federal authorities themselves to the exclusion of the States," and elsewhere, "By causing Appellant to be deported and then restricting his entry by an invalid condition of probation, the State District Court in this case has clearly banished Appellant from the United States and usurped a federal power by attempting to regulate the entry of persons into the United States."

In response the State argues that appellant was not "deported" by the trial court, but that he voluntarily left, and the conditions of probation merely required him to stay in Mexico and not return without prior consent of the Court.

Taking the State's argument as an accurate statement of the circumstances under which appellant *left* the United States, we are still confronted with a serious issue in that the conditions of probation purport to regulate, indeed prohibit, any reentry by appellant without the consent of the court, even if lawful under federal immigration law. We turn to several United States Supreme Court decisions that illuminate the issue before us.

First, we find this statement in *Chy Lung v. Freeman*, 92 U.S. 275, 23 L.Ed. 550 (1876), which struck down a California statute regulating the entry of aliens:

"The passage of laws which concern the admission of citizens and subjects of foreign nations to our shores belongs to Congress, and not to the States. It has the power to regulate commerce with foreign nations; the responsibility for the character of those regulations, and for

1. The probation officer gave the following testimony:

"Q. Did you know at this time that the Court had not signed any papers allowing the Defendant back into the country legally?

"A. There was nothing in our records whatsoever reflecting any kind of permission written or otherwise to allow the Defendant to be here."

the manner of their execution, belongs solely to the National Government."

The supremacy clause of the United States Constitution dictates that federal immigration law, not the decision of the trial court in this case, controls the circumstances under which appellant may or may not re-enter the United States:

"That the supremacy of the national power in the general field of foreign affairs, including power over immigration, naturalization and deportation, is made clear by the Constitution was pointed out by the authors of The Federalist in 1787, and has since been given continuous recognition by this Court. When the national government by treaty or statute has established rules and regulations touching the rights, privileges, obligations or burdens of aliens as such, the treaty or statute is the supreme law of the land. No state can add to or take from the force and effect of such treaty or statute, for Article VI of the Constitution provides that 'This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.'"

*Hines v. Davidowitz*, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

In *Takahashi v. Fish & Game Comm'n.*, 334 U.S. 410, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948), the Court expressly stated the limits of state action on admission of aliens, such as was intended by the conditions of probation in this case:

"The Federal Government has broad constitutional powers in determining what aliens shall be admitted to the United States, the period they may remain, regulation of their conduct before naturalization—and the terms and conditions of their naturalization. See *Hines v. Da-*

*vidowitz*, 312 U.S. 52, 66, 61 S.Ct. 399, 403, 85 L.Ed. 581. Under the Constitution the states are granted no such powers; they can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in the United States or the several states."

While it is true that there are areas of law relating to the activities of aliens in which the states are not wholly preempted by federal law, see *DeCanas v. Bica*, 424 U.S. 351, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976), the matter of entry into the United States is not such an area. *Takahashi v. Fish & Game Comm'n.*, supra.

We therefore hold the conditions of probation that ordered appellant to remain in the Republic of Mexico and not to re-enter the United States without prior written consent of the court are void. Since probation was revoked only for violations of these two conditions, it was an abuse of discretion to revoke the probation.

The motion for rehearing is granted to the extent that the evidence was held insufficient in our prior opinion, and the order revoking probation is now set aside for the reasons stated in this opinion.[2]

### CONCURRING OPINION

ROBERTS, Judge.

I join the court's opinion on the federal question. I also would hold that these conditions of probation violated Article 1, Section 20, of the Texas Constitution: "[N]or shall any person be transported out of the State for any offence committed within the same." *Reza v. State*, 608 S.W.2d 688, 690 (Tex.Cr.App.1980) (Roberts, J., concurring).

### OPINION CONCURRING IN PART AND DISSENTING IN PART ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

The original panel opinion reversed on the ground that the evidence was insuffi-

---

**2.** The opinion on rehearing by Presiding Judge Onion says, "The exhibit offered through the witness Lally is not in the record before us nor [are] any of the other exhibits." Without the exhibits, should we consider a challenge to the sufficiency of the evidence? We do not in other cases, such as in guilty plea cases where the complete record is not before us.

cient to support revocation for violation of the condition "that upon exiting the United States, remain within the Republic of Mexico," and the condition "do not re-enter the United States, legally or illegally, without the prior written permission of the court."

On October 5, 1979, the court vacated an earlier order of revocation and released the appellant on the same probationary conditions. On November 8, 1979, the State filed a second motion to revoke alleging, inter alia, a violation on October 18, 1979 of the two conditions described above.

For proof of such violations, the State offered the testimony of Jose L. Gonzales, a probation officer. Gonzales testified he was with Vincent Brown, another probation officer, when they saw the appellant in the city of El Paso in the 300 block of South El Paso Street on October 18, 1979. Believing that appellant was to be in violation of his probationary conditions, he was arrested. Gonzales was not shown to have any personal knowledge that since October 5, 1979, when appellant was placed on probation, appellant had returned to Mexico and then re-entered the United States.

Robert E. Lally, a supervisory deportation officer for the Immigration Service, testified the records of such agency reflected that an "Adolfo Hernandez Ochoa" was granted a voluntary return to Mexico on October 12, 1979, and was returned to Mexico. He testified from the records. He was not shown to have any personal knowledge of the appellant or of any actual return to Mexico.

There is no showing that the "Adolfo Hernandez Ochoa" mentioned by Lally is the appellant whose name is shown throughout the record as Adolph Ochoa Hernandez. The exhibit offered through the witness Lally is not in the record before us nor any of the other exhibits.

There being insufficient evidence to show that the appellant ever left the United States between October 5, and October 18, 1979, the appeal was properly disposed on original submission. There is no need to reach a discussion of the validity of the probationary conditions. It is observed that

the majority overrules the panel opinion on original submission which was based on insufficient evidence to show probationary violations without even discussing the evidence. I concur only in the disposition of the motion for rehearing.

W. C. DAVIS, J., joins this opinion.