ACCEPTED
03-15-00473-CR
6612918
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/24/2015 8:17:52 AM
JEFFREY D. KYLE
CLERK

# IN THE THIRD COURT OF APPEALS
# AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **JAMES ERIC GRANT,** | § | |
| **Appellant** | § | |
| | § | **CAUSE NO. 03-15-00473-CR** |
| **V.** | § | **TRIAL COURT NO. 69,168** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/24/2015 8:17:52 AM
JEFFREY D. KYLE
Clerk

---

## BRIEF OF APPELLANT

---

**Appealed from the 264th Judicial District Court, Bell County, Texas**
**Hon. Martha J. Trudo, presiding**

---

**COPELAND LAW FIRM**
**P.O. Box 399**
**Cedar Park, TX 78613**
**Tel/Fax: 512.215.8114**
**Email: tcopeland14@yahoo.com**

**Tim Copeland**
**State Bar No. 04801500**
**Attorney for Appellant**

**APPELLANT HEREBY WAIVES ORAL ARGUMENT**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **Table of Contents** | *i* |
| **Index of Authorities** | *ii-iv* |
| **Identity of Parties and Counsel** | 1 |
| **Statement of the Case** | 3 |
| **Background** | 4 |
| **Summary of the Argument** | 6 |
| **Professional Evaluation of the Record** | 7 |
| **Conclusion** | 16 |
| **Notice to Client** | 17 |
| **Prayer** | 18 |
| **Certificate of Service and Compliance with Rule 9 and *Kelly v. State*** | 19 |

# INDEX OF AUTHORITIES

**Authorities**                                                            **Page**

### United States Supreme Court cases

*Anders v. California*                                                       **7,16**
   386 U.S. 738 (1967)

*McCoy v. Court of Appeals*                                                  **16**
   486 U.S. 429, 108 S.C. 1895, 100 L.Ed.2d 4440 (1988)

*Padilla v. Kennedy*                                                         **8**
   130 S. Ct. 1477 (U.S. 2010)

*Strickland v. Washington*                                                   **12,13**
   466 U.S.  668, 104 S. Ct. 2052, 80 L.Ed.2d 674

### Texas Court of Criminal Appeals cases

*Bradley v. State*                                                           **10**
   608 S.W.2d 652 (Tex. Crim. App. 1980)

*Dansby v. State*                                                            **8**
   398 S.W.3d 233 (Tex. Crim. App. 2013)

*Daniels v. State*                                                           **18**
   30 S.W.3d 407 (Tex. Crim. App. 2000)

*Ganious v. State*                                                           **7**
   436 S.W.2d 137 (Tex. Crim. App. 1969)

*Hernandez v. State*                                                         **11**
   613S.W.2d 287 (Tex. Crim. App. 1981) (*op. on reh'g*)

# INDEX OF AUTHORITIES, continued

| Authorities | Page |
|---|---|

## Texas Court of Criminal Appeals cases, continued

*Hernandez v. State*      **13**
    988 S.W.2d 770 (Tex. Crim. App. 1999)

*Jackson v. State*      **15**
    680 S.W.2d 809 (Tex. Crim. App. 1984)

*Jackson v. State*      **13**
    877 S.W.2d 768 (Texas Crim. App. 1994)

*Jackson v. State*      **13**
    973 S.W.2d 954, 955 (Tex. Crim. App. 1998)

*Kelly v. State*      **18**
    436 S.W.3d 313 (Tex. Crim. App.   2014)

*Mitchell v. State*      **10**
    608 S.W.2d 226 (Tex. Crim. App. 1980)

*Nunez v. State*      **15**
    565 S.W.2d 536 (Tex. Crim. App. 1978)

*Rickles v. State*      **14,15**
    202 S.W.3d 759, 763 (Tex. Crim. App. 2006)

*Speth v. State*      **11**
    6 S.W.3d 530, 533 (Tex. Crim. App. 1999)

*Stafford v. State*      **16**
    813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991)

# INDEX OF AUTHORITIES, continued

**Authorities**                                                                                          **Page**

## Texas Court of Appeal cases

*Antwine v. State*                                                                                       **14,15**
     268 S.W.3d 634 (Tex. App. – Eastland 2008, *pet. ref'd)*

*Bradfield v. State*                                                                                     **15**
     42 S.W.3d 350 (Tex. App. – Texarkana 2001, *pet. ref'd)*

*Burruss v. State*                                                                                       **13**
     20 S.W.3d 179, 186 (Tex. App. – Texarkana 2000, *pet. ref'd)*

*Coronado v. State*                                                                                      **16**
     996 S.W.2d 283, 285 (Tex. App. – Waco 2000, *pet. ref'd)*

*Gutierrez v. State*                                                                                     **11**
     354 S.W.3d 1 (Tex. App. – Texarkana 2011,
     *pet. granted on other grounds*)

*Kanouse v. State*                                                                                       **15**
     958 S.W.2d 509, 510 (Tex. App. – Beaumont 1996, *no pet.*)

## Statutes

**TEX. CODE CRIM. PROC. Art. 21.02 and 26.13 (West 2014)**                         **8,9**

**TEX. CODE CRIM. PROC. Art. 42.12 §11(a)**                                                **11**

**TEX. HEALTH AND SAFETY CODE §481.115 (West 2010)**                          **3,4**

**TEX. RULES APP. PROC.**                                                                          **17**

| | | |
|---|---|---|
| **JAMES ERIC GRANT,** | § | |
| **Appellant** | § | |
| | § | **CAUSE NO. 03-15-00473-CR** |
| **V.** | § | **TRIAL COURT NO. 69,168** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

---

## BRIEF OF APPELLANT

---

**TO THE HONORABLE COURT OF APPEALS:**

## IDENTITY OF PARTIES AND COUNSEL

**COMES NOW**, James Eric Grant, Appellant, who would show the Court that interested parties herein are as follows:

**JAMES ERIC GRANT**, appellant, TDCJ No. 0193588, Darrington Unit, 59 Darrington Rd., Rosharon, Texas 77583.

**GREGORY SIMMONS**, Trial Attorney for Appellant, 714 4th Street, Killeen, Texas 76541.

**TIM COPELAND**, Appellate Attorney for Appellant, P.O. Box 399, Cedar Park, Texas 78613.

**MICHAEL WALDMAN** and **BOB ODOM**, Bell County Assistant District Attorneys, Trial and Appellate Attorneys, respectively, for Appellee, the State of Texas, P.O. Box 540, Belton, Texas 76513.

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

JAMES ERIC GRANT,             §
      Appellant             §
                    §        **CAUSE NO. 03-15-00473-CR**
V.                            §        **TRIAL COURT NO. 69,168**
                    §
THE STATE OF TEXAS,           §
      Appellee             §

## STATEMENT OF THE CASE

On May 5, 2011, pursuant to plea agreement, James Eric Grant entered a guilty plea to the offense of possession of a controlled substance, to-wit: cocaine, one gram or more but less than four grams, a third degree felony. *See* **TEX. HEALTH AND SAFETY CODE §481.115 (West 2010)**. His indictment also alleged two prior felony convictions for enhancement purposes, but the state abandoned one paragraph as part of the plea agreement, and Grant pled "true" to only one enhancement paragraph. (C.R. 1, pp. 5, 33 and 88). On June 3, 2011, after hearing punishment evidence, in keeping with the agreement, the trial court deferred a finding on Grant's guilt, and he was placed instead on community supervision for ten years. (C.R. 1, p. 39). On November 1, 2013, the State filed a motion to adjudicate his guilt. The motion to adjudicate alleged various violations of the terms and conditions of Grant's community supervision. (C.R. 1, p. 54). On May 19,

2014, the trial court held a hearing on the State's first amended motion to adjudicate. (*See*, C.R. 1, p. 66). At that hearing, Grant entered an open plea of "true" to all of the State's allegations in its amended motion. (R.R. 5, p. 7). The trial court adjudicated Grant's guilt and, after hearing punishment evidence, assessed a sentence of 18 years on June 6, 2014. (C.R. 1, p. 88). Grant filed a notice of appeal from that judgment and sentence on July 17, 2014, forty-one days after sentencing. His appeal was dismissed by this Court on October 31, 2014, for want of jurisdiction. (*See* CCA No. 03-14-00447-CR). Grant filed an application for writ of *habeas corpus* with the Texas Court of Criminal Appeals. He alleged ineffective assistance of trial counsel in giving timely notice of appeal. The Court of Criminal Appeals granted the application by order dated June 24, 2015, and Grant subsequently gave due notice of appeal from the original judgment and conviction. (C.R. 1, p. 114).

## BACKGROUND

*Original Plea*

On May 5, 2011, Grand entered a plea of "guilty" to the third degree felony offense of possession of a controlled substance, cocaine, and "true" to one enhancement paragraph. (R.R. 3, p. 26). After properly admonishing Grant and securing waivers of jury trial, both in writing and in open court, the trial court accepted his plea and written plea admonitions. The latter included a stipulation of

evidence. (C.R. 1, pp. 30-35). The plea documents were signed by Grant and/or his trial attorney and appear proper in all regards.

*Adjudication Motion*

As a result of his pleas, Grant's guilt was deferred, and he was placed on 10 years' community supervision. (C.R. 1, p. 39). On November 1, 2013, the State filed its first motion to adjudicate Grant's guilt. (C.R. 1, p. 54). The motion alleged that Grant had used cocaine on one occasion in violation of the terms of his community supervision and that he had failed in a number of ways to satisfy his financial obligations imposed by various terms of his community supervision. (C.R. 1, pp. 54-55). In an amended motion, the State alleged the commission of two additional offenses. (C.R. 1, pp. 66-67). At a hearing on May 19, 2014, Grant entered an open plea of "true" to all the allegations in the State's amended motion to adjudicate. (C.R. 1, p. 78 and *see* R.R. 5, p. 6). The trial court admonished Grant concerning his plea and the enhanced punishment range, and both Grant and his trial counsel indicated their understanding of the proceedings. (R.R. 5, pp. 6-9).

*Punishment Evidence*

At his subsequent sentencing hearing, Grant's probation officer, Stephanie Frincke, testified concerning Grant's failure to abide by the terms and conditions of his community supervision. Grant testified in his own defense that he had medical

conditions, as well as other problems, that initially made it difficult to meet the terms and conditions of his community supervision, but with a new support system in place, he said that he felt he could complete his community supervision if given another chance. After hearing argument of counsel, the trial court found the allegations in the State's first amended motion to adjudicate guilt "true" based upon Grant's plea of "true", adjudicated his guilt, and sentenced him to 18 years' incarceration. (R.R. 7, p. 40).

*Judgment*

The written judgment entered by the trial court on June 6, 2014 is entitled "Judgment Adjudicating Guilt." (C.R. 1, pp. 88-89). The judgment states that Grant was previously granted deferred adjudication community supervision on June 3, 2011, that he entered a plea of "true" to the allegations in the State's amended motion to adjudicate, that the trial court found that Grant had violated terms and conditions of his community supervision as alleged, and that, finally, in the best interests of justice, he should be punished by confinement in the Institutional Division of the T

## SUMMARY OF THE ARGUMENT

Appellate counsel concludes that the record examined contains no reversible error or arguable grounds for appeal.

## PROFESSIONAL EVALUATION OF THE RECORD

Counsel has reviewed the records in this case, which consist of the various documents in the Clerk's Record and the transcript of Grant's plea to the State's amended motion to adjudicate as well as his sentencing hearing. As a matter of his professional judgment, Counsel reluctantly concludes that the records contain no reversible error. Neither are there any jurisdictional defects apparent in the records examined. In such a case, where Counsel concludes that there are no arguable grounds for reversal, he is required to present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced for appeal. *See, Anders v. California*, 386 U.S. 738 (1967); *Ganious v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). That evaluation follows.

*Arguable Points of Error*

Various appellate courts, including the Third Court of Appeals at Austin and the Thirteenth Court of Appeals at San Antonio have provided instructive lists for consideration when complying with *Anders*. Accordingly, Counsel in this case has reviewed Mr. Grant's records for error centering on the following areas:

1.   Whether his original indictment was a sufficient charging instrument.

2.   Whether there were any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to   quash

or the like (in this case limited to Mr. Grant's adjudication hearing).

3.   Whether there was compliance with **Texas Code of Criminal Procedure 26.13** and, if appropriate, *Padilla v. Kennedy*, 130 S. Ct. 1477 (U.S. 2010).

4.   Whether the issue of competency was raised prior to sentencing, so as to warrant an inquiry by the court, and whether appellant was mentally competent when the court accepted his pleas (in both the original case and in his adjudication hearing).

5.   Whether appellant's pleas were freely and voluntarily made.

6.   Whether there were any adverse rulings during the punishment hearing on objections or motions.

7.   Whether there was any failure on the part of appellant's trial counsel to object to fundamental error.

8.   Whether the sentence imposed was within the applicable range of punishment.

9.   Whether the written judgment accurately reflects the sentence that was imposed and whether any credits were properly applied.

10.   Whether there is evidence to support a guilty plea in a felony case (or, in this case, a plea of true to the adjudication motion) including an examination of the records with regard to the recently enunciated exception to the general rule that the State must only prove one violation of a community supervision condition to sustain a revocation order, as carved out by the Texas Court of Criminal Appeals in *Dansby v. State*, 398 S.W.3d 233, 241-243 (Tex. Crim. App. 2013).

11.   Whether an examination of the records reflects that appellant was denied effective assistance of counsel.

Additionally, because this case involves deferred adjudication proceedings, Counsel has examined that area of jurisprudence for potential violations of due process with regard to imposition of terms and conditions of community supervision including whether those terms and conditions were reasonably imposed as well as the adequacy of the State's notice of violations of the terms and conditions of his community supervision which resulted in the instant adjudication of his guilt.

*Prior Proceedings – Guilty Plea and Conviction*

Grant's original indictment for possession of a controlled substance tracked the then applicable statutory provisions of **§481.115** of the **Texas Health and Safety Code** and appears regular in all respects. The indictment meets the "requisites of an Indictment" provided in the **Code of Criminal Procedure's article 21.02**, and thus constitutes a proper charging instrument. *See* **TEX. CODE CRIM. PROC. art. 21.02 (West 2014)**.

*Original Compliance with **Texas Code of Criminal Procedure 26.13***

On May 5, 2011, Grant appeared before the trial court with his attorney and entered a plea of guilty to the offense charged – possession of one to four grams of cocaine. Grant's plea included the execution by him and his trial attorney of "Guilty Plea Admonishments" which included a waiver of jury trial and stipulation of

evidence wherein Grant judicially confessed to the alleged offense. (C.R. 1, p. 30-35). The documents were signed by Grant and his attorney and appear proper in all regards.

*Adjudication Motion*

As a result of his plea, Grant was placed on 10 years' deferred adjudication. In the adjudication motion the subject of his subsequent hearing and of this appeal, the State alleged that Grant had violated the terms and conditions of that community supervision in a number of particulars. *See*, Motion to Adjudicate, 1st Amended Motion to Adjudicate and Judgment Adjudicating Guilt. (C.R. 1, pp. 54, 66 and 88, respectively).

A motion to revoke probation and, by extension, a motion to adjudicate guilt, need not meet the particulars of an indictment, information or complaint. ***Mitchell v. State***, 608 S.W.2d 226 (Tex. Crim. App. 1980). The allegations in such motions need only be sufficient to apprise probationer of the violations alleged to have occurred. In the instant case, it appears that the allegations in Grant's motion to adjudicate were sufficiently specific to apprise him of the violations alleged such that he may not, for the first time on appeal, claim that they were vague or did not otherwise provide fair notice. *See* C.R. 1, pp. 54 and 66, and ***Bradley v. State***, 608 S.W.2d 652 (Tex. Crim. App. 1980). Moreover, Grant made no such complaint at

his adjudication hearing, but, in fact through his attorney, he acknowledged receipt of adequate notice of the motions and their contents. (R.R. 5, pp.9-10).

*Reasonableness of Terms and Conditions of Community Supervision*

A trial court has broad discretion in imposing conditions of community supervision. The conditions must be reasonable and must be designed to "protect or restore the community, protect or restore the victim, or punish, rehabilitate or reform the defendant." *See* **TEX. CODE CRIM. PROC. Art. 42.12 §11(a)**; and, *see Speth v. State,* 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). A review of the terms and conditions of community supervision imposed upon Grant (including all amendments to his community supervision) do not show that any term or condition relied upon to adjudicate Grant's guilt based on a violation of his community supervision appears unreasonable on its face. Moreover, even if a term or condition was unreasonable, complaint may not be made for the first time on appeal. *Gutierrez v. State*, 354 S.W.3d 1 (Tex. App. – Texarkana 2011, *pet. granted on other grounds*). That Grant never complained of a particular term or condition thus operated as a waiver of the right to complain after a subsequent adjudication of his guilt based upon a violation of any term of his community supervision. *Hernandez v. State*, 613 S.W.2d 287 (Tex. Crim. App. 1981) (*op. on reh'g*).

*Adverse Pre-Hearing Rulings*

There were no adverse pre-adjudication hearing rulings.

*Evidentiary Rulings/Fundamental Error*

There were no adverse rulings during the adjudication hearing, and no failure

on the part of Grant's trial counsel to object to fundamental error.

*Trial Error/Ineffective Assistance of Counsel*

Appellate counsel found no evidence in the records examined which would

support a claim of ineffectiveness of trial counsel.

***Strickland v. Washington*** decided by the United States Supreme Court in

1984 established the standard by which to gauge the adequacy of representation of

counsel and articulated a two-step analysis:

1. Did the attorney's performance fail to constitute "reasonably effective assistance," *i.e.*, did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms?

2. If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings could have been different?

> – *see **Strickland***, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L.Ed.2d 674, 690.

(The test in *Strickland* is properly applied to the punishment phase of a non-capital case as well. *See*, *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).

In considering a claim of ineffective assistance of counsel, a reviewing court begins with a strong presumption that counsel was effective. *Jackson v. State*, 877 S.W.2d 768, 771 (Texas Crim. App. 1994). A reviewing court presumes counsel's actions were motivated by sound trial strategy. *Id*. A complainant has the burden of rebutting that presumption by evidence from the record affirmatively supporting the claim. *See*, *Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998). However, even if a complainant can prove such error occurred, he must then prove that *but for* the error, there is a reasonable probability the outcome of the proceeding would have been different. *See*, *Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App. – Texarkana 2000, *pet. ref'd*).

In the instant case, evidence adduced at Grant's adjudication and sentencing hearings included Grants plea of "true" as well as testimony from Grant's probation officer, Stephanie Frincke. She testified about certain aspects of Grant's community supervision file which detailed Grant's various contacts, meetings, and correspondence with the community supervision officer and office and including his failure to pay all fees assessed against him. (R.R. 5, pp. 18-26). In his testimony,

Grant denied that he had failed to provide documentation of a medical condition to Frincke's office. However, he admitted that he had failed to report because he had thought that he had a terminal illness, and he wanted to be with his family in his last days. (R.R. 7, p. 36). He also admitted to other violations of his community supervision including the use of cocaine while on community supervision. (R.R. 6, p. 18).

In light of *his own* testimony, even if examination of his adjudication hearing revealed instances where his trial counsel possibly committed an error of some kind in his representation (which the record does not support), it is highly unlikely that *but for* such error, there was a reasonable probability that the outcome of Grant's adjudication hearing would have been different.

*Sufficiency of Evidence of Violations*

A trial court's order revoking community supervision and, by extension adjudicating guilt, is reviewed under an abuse of discretion standard. ***Rickles v. State***, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); ***Antwine v. State***, 268 S.W.3d 634, 636 (Tex. App. – Eastland 2008, pet. ref'd). On violation of a condition of community supervision, the defendant is entitled to a hearing limited to the determination by the court of whether a violation has occurred. In an adjudication hearing, the State must prove by a preponderance of the evidence that a defendant

violated the terms of his community supervision. ***Rickles v. State***, 202 S.W.3d at 763-4; ***Antwine v. State***, 268 S.W.3d at 636. Proof of any one of the alleged violations of the conditions of community supervision is sufficient to support an adjudication order. ***Antwine v. State***, 268 S.W.3d at 636.

Here, Grant admitted that he had used cocaine during his term of community supervision. (R.R. 6, p. 18). That violation alone constitutes sufficient evidence to justify the adjudication of his guilt based upon a violation of his community supervision and the imposition of resulting punishment. Thus, the trial court did not abuse its discretion in moving to adjudicate Grant's guilt.

*Sufficiency – Punishment*

The trial court assessed an 18-year prison sentence upon adjudication of Grant's guilt after hearing sentencing evidence. A review of the evidence for sufficiency in the case is inappropriate with respect to that assessment of punishment. *See*, ***Bradfield v. State***, 42 S.W.3d 350, 351 (Tex. App. – Texarkana 2001, *pet. ref'd)*; ***Kanouse v. State***, 958 S.W.2d 509, 510 (Tex. App. – Beaumont 1996, *no pet.*)(*citing* ***Jackson v. State***, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). The sentence ultimately assessed by the trial court of 18 years following adjudication of Grant's guilt was within the applicable punishment range for the enhanced subject offense, and the sentence, on its face, was not "unreasonable" or

"irrational." *See Nunez v. State*, 565 S.W.2d 536 (Tex. Crim. App. 1978). Thus, Grant cannot establish any error arising from the punishment assessed by the trial court.

*Standard of Review – "Frivolous Appeals"*

In an *Anders* case, a reviewing court must, "after a full examination of all proceedings, […] decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; accord *Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*, 996 S.W.2d 283, 285 (Tex. App. – Waco 2000, *pet. ref'd*). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S.C. 1895, 1902, 100 L.Ed.2d 4440 (1988). Arguments are frivolous if they "cannot conceivably persuade the court." *Id*. at 426, 108 S. Ct. at 1901. An appeal is not frivolous if based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

## CONCLUSION

Here, appellate counsel cannot in good faith argue that there is a basis "in law or in fact" that an error occurred in the adjudication of Grant's guilt or in his subsequent assessment of punishment. For that reason, appellate counsel is required to move for leave to withdraw to allow appellant the opportunity to submit his own

appellate brief should he choose to do so. *See*, ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991). Accompanying this brief then, attached as Appendix 1, is a copy of appellate counsel's motion to withdraw on those grounds. An original of the motion has been separately filed with this Court.

**NOTICE TO CLIENT**

Counsel hereby affirms that he has notified **James Eric Grant,** appellant, of the filing of this brief in the referenced case, of his right to file a *pro se* response to the brief should he choose to do so and of his right to examine his appellate records per the applicable **Texas Rules of Appellate Procedure** to accomplish that goal. (*See **Kelly v. State***, 436 S.W.3d 313 (Tex. Crim. App. 2014) and Appendix 2)). Notice of those rights and of Counsel's motion to withdraw was provided to Mr. Grant by both certified mail, return receipt requested, and by first-class mail at his last known mailing address at the date of this filing, to-wit:

James Eric Grant
TDCJ No. 01936588
Darrington Unit
59 Darrington Rd.
Rosharon, TX 77583

## COMPLIANCE WITH *KELLY v. STATE*

Finally, Counsel also hereby affirms that he has provided to Mr. Grant a motion for access to his appellate record as required by the dictates of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) for the referenced case. (*See* copy of same in Appendix 2).

## PRAYER

**WHEREFORE**, Counsel respectfully prays that this Court permit him to withdraw from this case after this Court's own examination of the record and to afford Mr. Grant his right to file a *pro se* response brief if he wishes to do so.

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX 78613
Phone: 512.897.8196
Fax: 512.215.8114
Email: tcopeland14@yahoo.com

By: /s/Tim Copeland
     Tim Copeland
     State Bar No. 04801500
     Attorney for Appellant

## CERTIFICATE OF SERVICE AND OF
## COMPLIANCE WITH RULE 9 and *KELLY v. STATE*

This is to certify that on August 2, 2015, a true and correct copy of the above and foregoing document was served on Bob Odom, Assistant District Attorney of Bell County, P.O. Box 540, Belton, Texas 76513 and on James Eric Grant, TDCJ No. 01936588, Darrington Unit, 59 Darrington Rd., Rosharon, TX 77583 in accordance with the *Texas Rules of Appellate Procedure*, and that Appellant's brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 3612 words. Further, Counsel certifies that he has complied with the dictates of **Kelly v. State** insofar as providing a motion for Mr. Grant to gain access to his appellate records if he so chooses.

/s/ Tim Copeland
Tim Copeland

**APPENDIX I**

## IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

| | | |
|---|---|---|
| JAMES ERIC GRANT, | § | |
| Appellant | § | |
| | § | CAUSE NO. 03-15-00473-CR |
| V. | § | TRIAL COURT NO. 69,168 |
| | § | |
| THE STATE OF TEXAS, | § | |
| Appellee | § | |

## MOTION TO WITHDRAW

**TO THE HONORABLE JUDGES OF SAID COURT:**

**NOW COMES** Tim Copeland, PO Box 399, Cedar Park, Texas 78613, appellate attorney for James Eric Grant, and respectfully moves this Honorable Court to allow said attorney to withdraw as attorney of record in this matter, terminating his representation of the above referenced appellant and for good cause would respectfully show this Honorable Court as follows:

### I.

Contemporaneous with the filing of this Motion to Withdraw, counsel has filed an *Anders* brief. Withdrawal of counsel is necessary to permit Mr. Grant to file a *pro se* response brief, if he so desires.

## II.

## Pending Deadlines

Appellant's brief is due September 11, 2015.

## III.

## Documents Filed and Prepared for Defendant

Counsel has prepared a docketing statement and Appellant's Brief in this cause, and has filed same with this Court. Counsel previously prepared Appellant's Notice of Appeal, Request for Reporter's Record and Designations of Clerk's Record.

## IV.

## Notice of Last Known Address of Defendant

Counsel has notified Appellant of the filing of this Motion to Withdraw and of the filing of this brief by mailing a copy of this Motion to Appellant's last known mailing address by regular, first class mail and by certified mail, return receipt requested, and addressed as follows:

James Eric Grant
TDCJ No. 01936588
Darrington Unit
59 Darrington Road
Rosharon, TX 77583

## V.

**WHEREFORE**, Movant prays this Honorable Court to allow Movant to withdraw from the representation of appellant and would, in all things, relieve

Movant herein, discharging Movant from her obligations and responsibilities to this Defendant in this matter.

Respectfully submitted,

**COPELAND LAW FIRM**

P.O. Box 399
Cedar Park, TX 78613
Pho: 512.897.8126
Fax: 512.215.8114
Email: tcopeland14@yahoo.com

/s/ Tim Copeland
    Tim Copeland
    State Bar No. 04801500
    Attorney for Appellant

**CERTIFICATE OF SERVICE AND OF
COMPLIANCE WITH RULE 9**

This is to certify that on August 2, 2015, a true and correct copy of the above and foregoing document was served on Bob Odom, Assistant District Attorney of Bell County, P.O. Box 540, Belton, Texas 76513 and on James Eric Grant, TDCJ No. 01936588, Darrington Unit, 59 Darrington Rd., Rosharon, TX 77583 in accordance with the *Texas Rules of Appellate Procedure*, and that Appellant's brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 462 words. Further, Counsel certifies that he has complied with the dictates of **Kelly v. State** insofar as providing a motion for Mr. Grant to gain access to his appellate records if he so chooses.

/s/ Tim Copeland
Tim Copeland

**APPENDIX II**

# COPELAND LAW FIRM

### P.O. Box 399
### Cedar Park, Texas 78613
### 512.215.8114 *(phone/fax)*

**TIM COPELAND***                                    **ERIKA COPELAND****

***Board Certified - Oil, Gas & Mineral Law**                    ****Of Counsel*
***Texas Board of Legal Specialization**

### Certified Mail No.  7015 0640 0000 3705 1092

August 24, 2015

James Eric Grant
TDCJ No. 01936588
Darrington Unit
59 Darrington Rd.
Rosharon, TX  77583

    Re:    Cause No. 67,168 (Bell County);
              Appeal No. 03-15-00473-CR

Dear  Mr. Grant**:**

Enclosed please find a copy of my motion to withdraw as counsel and a brief pursuant to *Anders v. California* that I have prepared and filed in your case. After a diligent search of both the clerk's record and reporter's record in your case and a review of the applicable law, it is my opinion that no reversible error occurred at your plea or sentencing proceedings.

Whenever appellate counsel files a motion such as this, the law provides the appellant the right to review the record and file a response identifying to the appellate court any grounds he thinks are non-frivolous issues to be raised on his behalf that the appellate court should consider in deciding whether the case presents any meritorious grounds for appeal. Because I have filed this motion and brief, you now have the right to review the records and file a response or brief if you so choose in any or all of your cases. To assist you in obtaining the records if you wish to review them, I have enclosed a *Motion for Pro Se Access to the Appellate Record* for you to

file for each case. In order to obtain the appellate records, you must sign and date the motions and mail them to the Third Court of Appeals within ten days of the date of this letter to the following address:

> Jeffrey D. Kyle
> Clerk, Third Court of Appeals
> 209 W. 14th St., Rm. 101
> Austin, TX 78701

The Court of Appeals will then direct the clerk of the trial court to provide you with copies of the appellate records. Your response will be due to be filed in the 3rd Court of Appeals within 30 days of the date the clerk provides the record to you.

Whether or not you file a response, the law requires the Court of Appeals to review the record to determine if the Court agrees with my assessment that no meritorious grounds for appeal exist, *i.e.,* that no reversible error exists. If the Court does not agree, but instead believes there are non-frivolous issues to be raised on your behalf, the Court must abate the appeal to have another attorney appointed to review the record on your behalf.

Should the Court of Appeals ultimately determine that there are no meritorious grounds to be raised and that your appeal is frivolous, the Court will affirm your conviction. You may then file a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals. Such petition must be filed within 30 days of the date the Court of Appeals renders its judgment.

Feel free to write me if you have any questions about the procedure utilized in your appeal. I will do my best to answer any questions you may have.

Again, I am sorry I came to the conclusions I did, but many times with pleas, that is all we are left with.

Sincerely,


Tim Copeland

TC:aw
encl.

## CAUSE NO. 03-15-00473-CR

| | | |
|---|---|---|
| **JAMES ERIC GRANT** | § | **IN THE COURT OF APPEALS** |
| **V.** | § | **THIRD JUDICIAL DISTRICT** |
| **THE STATE OF TEXAS** | § | **SITTING AT AUSTIN, TEXAS** |

## MOTION FOR ACCESS TO APPELLATE RECORD

**NOW COMES** James Eric Grant, appellant, TDCJ No. 01936588, Darrington Unit, 59 Darrington Rd., Rosharon, Texas 77583 and respectfully moves this Honorable Court to grant him access to the appellate record in the above-referenced cause in order to effectuate his right to file a response to the *Anders* brief filed herein by Appellant's appellate counsel.

Respectfully submitted,

_____

James Eric Grant
TDCJ No. 01935688
Darrington Unit
59 Darrington Rd.
Rosharon, TX 77583

Date:_____

## CERTIFICATE OF SERVICE AND OF
## COMPLIANCE WITH RULE 9

This is to certify that on _____, 2015, a true and correct copy of the above and foregoing document was served on Bob Odom Assistant District Attorney of Bell County, P.O. Box 540, Belton, Texas 76513 in accordance with the Texas Rules of Appellate Procedure, and that this motion is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 207 words.

James Eric Grant
TDCJ No. 01935688
Darrington Unit 59
Darrington Rd.
Rosharon, TX 77583

Date:

ACCEPTED
03-15-00473-CR
6616383
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/24/2015 10:31:06 AM
JEFFREY D. KYLE
CLERK

# *COPELAND LAW FIRM*

### *P.O. Box 399*
### *Cedar Park, Texas 78613*
### *512.215.8114 (phone/fax)*

**TIM COPELAND\***
*(512) 897-8196 mobile/text*
*tcopeland14@yahoo.com*

**\*Board Certified - Oil, Gas & Mineral Law**
**Texas Board of Legal Specialization**

**ERIKA COPELAND\*\***
*(512) 897-8126 mobile/text*
*ecopeland63@yahoo.com*

**\*\*Of Counsel**

August 24, 2015

Clerk of the Court
Third Court of Appeals
Austin, TX
Via e-file

> Re:  Cause No. 03-15-00473-CR (Trial Court No. 69,168)
> *James Eric Grant v. The State of Texas*

Dear Mr. Kyle:

Please be advised that I have complied with the dictates of ***Kelly v. State***, 436 S.W. 3d 313 (Tex. Crim. App. 2014) with regard to notification of the above-referenced client of 1) the filing of an ***Anders*** brief in his case and of my filing of a motion to withdraw, 2) his right to file a *pro se* response to the brief and of his right to review the appellate records preparatory to filing that response, and 3) informed him of his *pro se* right to seek discretionary review should the Court of Appeals declare his appeal frivolous.  I have also prepared and mailed to him a motion for his use in obtaining access to his appellate records should he choose to do so.

Very truly yours,

/s/Tim Copeland

Tim Copeland

TC:aw

## CERTIFICATE OF SERVICE AND OF
## COMPLIANCE WITH RULE 9

This is to certify that on August 24, 2015, a true and correct copy of the above and foregoing document was served on Bob Odom, Assistant District Attorney of Bell County, P.O. Box 540, Belton, Texas 76513 and on James Eric Grant, TDCJ No. 01936588, Darrington Unit, 59 Darrington Rd., Rosharon, TX 77583 in accordance with the *Texas Rules of Appellate Procedure*, and that this letter is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 344 words.

/s/ <u>Tim Copeland</u>
Tim Copeland